MOORE, Respondent, vs. BENJAMIN, Appellant.

*April 13—September 13, 1938.*

For the appellant the cause was submitted on the brief of *Willis E. Donley* of Menomonie and *Frank E. McAllister* of Chicago, Illinois.

For the respondent there was a brief by *Lyman K. Arnold, Robert K. Cullen,* and *Arthur T. Thorson,* attorneys, and *Alfred L. Godfrey* of counsel, all of Elkhorn, and oral argument by *Mr. Thorson* and *Mr. Cullen.*

The following opinion was filed June 21, 1938:

FAIRCHILD, J. The appellant raises a number of questions, but the controversy revolves about the ruling that James and Monica Benjamin were in default. We are of the opinion that the court ruled correctly. On sufficient evidence, it was convinced that the defendants were endeavoring to use the legal process to secure delays.

In 1929 Monica Benjamin purchased a summer home for $48,500. She was unable to pay the full amount of the purchase price at that time, and gave a mortgage dated September 21, 1929, to secure the unpaid balance of $28,500. In February, 1932, foreclosure proceedings were begun. Mrs. Benjamin then paid $1,300 to apply on defaults, and in April

of that year an extension agreement was entered into, as a result of which that foreclosure action was dismissed.

In November of 1933 a new foreclosure action was brought against Monica Benjamin. She appeared by attorneys, and in her answer alleged as a defense that at the time of the purchase by her it had been falsely represented, by way of inducement, that the property had cost the seller $60,000, and that the building and appurtenances were in excellent condition, that she "believed and relied upon and was thereby induced to purchase said real estate, and to pay the said sum of $20,000 on said purchase price, and to execute the said notes and mortgage for the sum of $28,500." She took the position that the property as represented would have been worth the amount she paid for it, but that because of the alleged poor repair it was worth not to exceed $20,000. In her answer she also set up a counterclaim for damages, based upon the condition just described, and prayed for judgment in her favor for $47,450.

When this case came on for trial there was a stipulation of the parties, made in open court, under which the court ordered and adjudged a foreclosure of the mortgage. Judgment was dated the 20th of June, 1934. Thereafter, and in the month of February, 1935, Monica Benjamin filed a petition in a United States district court in the state of Illinois, asking permission to effect a composition with creditors or an extension of time to pay her debts under section 74 of the Bankruptcy Act, and in this petition alleged that she was unable to meet her maturing debts. In the schedule of liabilities which she filed with the petition she included her liability on account of the mortgage. The district court denied the petition in so far as it related to the liability on the mortgage, ruling:

". . . The motion of said debtor for an injunction restraining or in any manner interfering with the proceed-

ings in the matter of *Louie H. Moore,* plaintiff, *v. Monica M. Benjamin et al.,* in the county court of Walworth county, Wisconsin, . . . is hereby denied."

As the matter then stood, a judgment of foreclosure had been entered with the consent of Mrs. Benjamin. Her effort to secure relief in the bankruptcy court had failed. On August 2, 1935, proceedings were instituted to fix a time and place for the foreclosure sale. Upon the suggestion of Monica Benjamin, negotiations were started through her agent, which resulted in a contract, dated August 16, 1935, by which it was agreed that the property was to be deeded to the Marshall & Ilsley Bank of Milwaukee. This contract provided:

"Now, therefore, said first party has agreed to accept and does accept said conveyance in full payment, satisfaction and discharge of said mortgage indebtedness and of all unpaid interest thereon and that all persons liable thereunder are hereby released and discharged from said indebtedness and the notes so evidencing said indebtedness be and the same are hereby canceled, the same having been accordingly stamped paid and canceled contemporaneously with the execution of this agreement and the delivery of said deed of conveyance."

The indebtedness to which the mortgage was incident having been satisfied, the mortgage ceased to exist. Authorities are in general accord with the proposition that payment of an indebtedness on a note secured by a mortgage on real estate extinguishes the mortgage lien without satisfaction thereof of record or in writing. *Friend v. Yahr* (1905), 126 Wis. 291, 104 N. W. 997. If it were of advantage to Monica Benjamin to have a formal satisfaction duly entered, a simple method was and is available to her, sec. 235.64, Stats.

When Monica Benjamin entered into the contract to deed the property to the bank, she was given an option to repur-

chase the premises at an agreed price within a specified time. Negotiations continued, Monica Benjamin from time to time changing her attorneys, until in April, 1936, after the time for exercising any rights under the option had expired, the bank conveyed to Louie Moore, and on April 25, 1936, she brought this action of ejectment in the county court of Walworth county.

While the present action was pending, Monica Benjamin brought an action in the courts of Illinois, and so conducted her affairs that it was necessary for the county court of Walworth county to advise other courts that this action was pending. She also began an action in the circuit court for Walworth county, and the county court issued a restraining order in which, after reciting that the action in circuit court was hampering and impeding the county court, it requested the circuit court to stay its proceedings, and further ordered and adjudged:

". . . That the above-named defendants, James H. Benjamin and Monica M. Benjamin, . . . be and they hereby are enjoined from proceeding further in said circuit court action until the issues raised in this court by this order to show cause have been heard, adjudged and determined by this court. . . ."

When the defendants were heard upon the order to show cause, the injunction was made permanent.

We have carefully reviewed the record, and while there are incidents worthy of consideration by the trial court, we find nothing in the record, viewed in the light of the findings, which would warrant particular discussion. We have, however, carefully considered the points raised, and find no prejudicial error to warrant reversing or modifying the judgment. We are of the opinion that Monica Benjamin had her day in court, that she lost no advantage except through inability to meet her obligations, that the deed to

the Marshall & Ilsley Bank was not a mortgage but an absolute deed, and that the title to the premises is now in the respondent.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on September 13, 1938.